

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7513
Washington, DC 20530

Tel: 202-616-5374

August 31, 2015

**VIA CM/ECF**

Hon. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

   RE: *International Info. Sys. Sec. Certification Consortium, Inc. v. Security Univ., LLC*,
      No. 14-3456 (2d Cir.)
      (Argued August 19, 2015)

Dear Ms. Wolfe:

  The United States of America respectfully submits this supplemental letter brief in response to this Court's order entered on August 24, 2015. In its order, the Court directed the United States to submit a letter brief addressing the "appropriate level of deference to be afforded" in this case to (1) the views of the United States Patent and Trademark Office (USPTO) expressed in the government's amicus brief regarding the proper construction of the Trademark Act of 1946 (Lanham Act), 15 U.S.C. § 1051 *et seq.*; and (2) the provisions of the USPTO's *Trademark Manual of Examining Procedure* (July 2015) (*Trademark Manual*).[1]

---

  [1] The *Trademark Manual* is available at http://tmep.uspto.gov.

As an initial matter, we respectfully submit that there is no need for the Court to decide the appropriate level of deference that should be afforded to the government's views in this case (or to the relevant provisions of the *Trademark Manual*) because the analysis provided in our brief is correct and dispositive regardless of the level of deference it may be due. *See, e.g.*, *Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 78-79 (2d Cir. 2009) (avoiding deference question in similar circumstances).

Nonetheless, in response to the Court's questions, as explained below, the government does not contend that deference is warranted under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), to the views expressed in our amicus brief regarding the proper construction of the relevant Lanham Act infringement provisions. Nor is *Chevron* deference warranted with respect to the interpretations of the statute articulated in the *Trademark Manual*, which does not have the force and effect of law.

Rather, the views expressed in our amicus brief and in the *Trademark Manual* warrant respect and deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). Those views reflect the USPTO's experience and expertise as the principal agency responsible for administering the federal trademark laws and, in particular, the federal trademark registration system. *See, e.g.*, 35 U.S.C. § 2(a). The USPTO has overseen the federal trademark registration system since the enactment of the Lanham Act, and its examiners and administrative judges collectively possess an unrivaled body of expertise in trademark law. Congress has, moreover, specifically charged the USPTO

with "disseminating to the public information with respect to . . . trademarks" and "advis[ing] the President, through the Secretary of Commerce, on national and certain international intellectual property policy issues." *Id.* § 2(a)(2), (b)(8). This Court has recognized that decisions of the USPTO's Trademark Trial and Appeal Board (Board) are entitled to "great weight" in infringement actions. *Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 382 n.2 (2d Cir. 2005) (internal quotation marks omitted). Likewise here, the USPTO's views expressed in the government's amicus brief and the *Trademark Manual* warrant deference under *Skidmore* in light of the agency's expertise and experience.

### A. The interpretations of the pertinent Lanham Act infringement provisions expressed in the government's amicus brief are entitled to *Skidmore* deference.

Our amicus brief principally argued that (1) the Lanham Act's infringement provisions do not establish an affirmative "nominative fair use" defense; and (2) the question whether a defendant's nominative use of a plaintiff's mark—including a certification mark—is infringing must be evaluated under the Lanham Act's likelihood-of-confusion rubric, *see* 15 U.S.C. §§ 1114(1), 1125(a)(1)(A), using a test that is tailored to the unique circumstances presented in nominative-use cases. As explained below, we do not seek *Chevron* deference to these views, but they are entitled to deference under *Skidmore*.[2]

---

[2] Because our amicus brief did not address any regulations issued by the USPTO, the distinct principles governing deference to interpretations of regulations

### 1. *Chevron* Deference

Because this case principally involves the private infringement provisions of the Lanham Act, the government does not contend that the USPTO's views on those provisions in our amicus brief warrant deference under *Chevron*. The Supreme Court has held that *Chevron* deference "is warranted only 'when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority.'" *Gonzales v. Oregon*, 546 U.S. 243, 255-56 (2006) (quoting *United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001)).

Congress has charged the USPTO with the administration of the Lanham Act's provisions governing the *registration* of trademarks and other marks. *See* 15 U.S.C. § 1051 *et seq.*[3] The *Chevron* framework thus applies to interpretations of the Lanham Act embodied in decisions issued by the Trademark Trial and Appeal Board. *Accord Buti v. Impressa Perosa, S.R.L.*, 139 F.3d 98, 105 (2d Cir. 1998) (relying on a Federal Circuit decision invoking *Chevron* principles with respect to Board decisions and

---

under *Auer v. Robbins*, 519 U.S. 452 (1997), are inapplicable. *See, e.g.*, *Gonzales v. Oregon*, 546 U.S. 243, 255-56 (2006) (distinguishing *Auer* deference from *Chevron* and *Skidmore* deference); *Encarnacion*, 568 F.3d at 78 (same).

[3] *See, e.g.*, 35 U.S.C. § 2(a)(1) (providing that the USPTO "shall be responsible for . . . the registration of trademarks," subject to the policy direction of the Secretary of Commerce); 15 U.S.C. § 1123 (authorizing the Director of the USPTO to issue rules and regulations "for the conduct of proceedings in the Patent and Trademark Office"); *id.* § 1067(a) (requiring the Director of the USPTO to "direct a Trademark Trial and Appeal Board to determine and decide the respective rights of registration" in certain circumstances).

quoting the Federal Circuit's conclusion that, "under general principles of administrative law, deference should be given by a court to the interpretation by the agency charged with its administration" (internal quotation marks omitted)). Thus, if the Board in a future case were to interpret Lanham Act registration provisions relevant to the issues presented here, the Board's expert interpretation would warrant *Chevron* deference if it were reasonable. *See National Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980, 982 (2005).

As relevant here, however, Congress has not delegated to the USPTO the authority to administer the statutory provisions governing private trademark *infringement* claims and defenses, *see* 15 U.S.C. §§ 1114, 1115, 1125, nor has it authorized the USPTO to set forth rules with the force of law on issues that are unique to the infringement context. *Cf., e.g., Gonzales*, 546 U.S. at 258, 263; *In re Enter. Mortg. Acceptance Co., LLC, Sec. Litig.*, 391 F.3d 401, 410 n.8 (2d Cir. 2004), *as amended* (Jan. 7, 2005); *Adams Fruit Co. v. Barrett*, 494 U.S. 638, 649-50 (1990). Accordingly, although the views expressed in the government's amicus brief concerning issues specific to the infringement context reflect the USPTO's experience and expertise in administering the trademark laws, the *Chevron* framework does not apply.

We note that this Court has also stated that when an agency's position on the interpretation of a statute "is put forth only in an *amicus* brief, it lacks the force of law and thus does not warrant *Chevron* deference." *In re Enter. Mortg. Acceptance Co.*, 391 F.3d at 410 n.8 (internal quotation marks omitted); *see also, e.g., Connecticut Office of Prot.*

*& Advocacy For Persons With Disabilities v. Hartford Bd. of Educ.*, 464 F.3d 229, 239 (2d Cir. 2006). Because, however, *Chevron* deference is not appropriate here for the reasons identified above, this Court need not reach the issue of whether *Chevron* deference is also precluded because of the format in which the USPTO expressed its views. *Cf., e.g.*, *In re New Times Sec. Servs., Inc.*, 371 F.3d 68, 80-82 (2d Cir. 2004) (declining to afford *Chevron* deference to an amicus brief based on numerous considerations, only one of which was the format of the brief); *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 227 (2d Cir. 2002).

### 2. *Skidmore* Deference

Even where an agency's interpretation of a statute is not entitled to deference under *Chevron*, principles of *Skidmore* deference nonetheless apply. *See, e.g.*, *Gonzales*, 546 U.S. at 268; *In re New Times Sec. Servs., Inc.*, 371 F.3d at 82-83; *Chao*, 291 F.3d at 227-28; *Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York*, 273 F.3d 481, 491 (2d Cir. 2001). Under *Skidmore*, the weight this Court gives to an agency's interpretation of a statute is based on "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade," 323 U.S. at 140, including "the agency's expertise," *In re New Times Sec. Servs., Inc.*, 371 F.3d at 83 (internal quotation marks omitted).

As the agency responsible for registering trademarks and other marks under the Lanham Act, the USPTO has extensive expertise on the protections afforded by the

- 6 -

statute to such marks, including the protections established by the statute's infringement provisions. *Cf.* 35 U.S.C. § 2(b)(8)-(9) (providing that the USPTO "shall advise" the President and federal agencies on intellectual property policy issues). Indeed, the statutory standards the USPTO applies when evaluating whether a mark should be registered are frequently the same as those that govern in private trademark infringement suits. *Compare, e.g.*, 15 U.S.C. § 1052(d) (generally barring the registration of a mark that is likely to cause confusion with an existing mark), *with id.* §§ 1114(1), 1125(a)(1)(A) (requiring a plaintiff in an infringement suit to establish a likelihood of confusion); *see generally B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1307 (2015) (holding that "likelihood of confusion for purposes of registration is the same standard as likelihood of confusion for purposes of infringement"). This Court has thus appropriately recognized that decisions of the USPTO's Trademark Trial and Appeal Board should be "accorded great weight" in infringement cases. *See, e.g., Star Indus., Inc.*, 412 F.3d at 382 n.2; *Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 216 (2d Cir. 2003).

  The USPTO's views warrant the same "great weight" here. This Court requested the views of the USPTO on the proper operation of the trademark laws in the circumstances of this case. The government has no interest in the outcome of this litigation other than to ensure that the trademark laws are correctly interpreted and applied. The government's amicus brief sets out the USPTO's responses to the Court's questions, drawing on the USPTO's extensive experience and expertise in

trademark law. The USPTO's views are thorough, reasoned, and persuasive, and they are entitled to deference under *Skidmore*.

    **B.    The USPTO's interpretations of the Lanham Act expressed in its *Trademark Manual of Examining Procedure* are entitled to *Skidmore* deference.**

The USPTO's *Trademark Manual of Examining Procedure* "sets forth the guidelines and procedures followed by the . . . attorneys at the [USPTO]" who evaluate applications for trademark registration. *West Fla. Seafood, Inc. v. Jet Rests., Inc.*, 31 F.3d 1122, 1127 n.8 (Fed. Cir. 1994). Although the *Trademark Manual* "represent[s] the [USPTO's] established policy," *In re Pennington Seed, Inc.*, 466 F.3d 1053, 1059 (Fed. Cir. 2006), it "does not have the force and effect of law." *West Fla. Seafood*, 31 F.3d at 1127 n.8. Accordingly, the manual's interpretations of the Lanham Act are not entitled to *Chevron* deference.[4] *See, e.g.*, *Gonzales*, 546 U.S. at 255-56.

The interpretations of the Lanham Act embodied in the *Trademark Manual*, however, reflect the USPTO's extensive experience and expertise in trademark law, *see supra* pp. 2-3, 6-7, and are entitled to *Skidmore* deference. *Cf., e.g.*, *Natural Res. Def. Council, Inc. v. FAA*, 564 F.3d 549, 564 (2d Cir. 2009); *McMenemy v. City of Rochester*, 241 F.3d 279, 284 (2d Cir. 2001). Indeed, the case for deference to the *Trademark Manual* is even stronger than the case for deference to our amicus brief because the *Trademark*

---

    [4] None of the *Trademark Manual* provisions at issue in this case involve interpretations of the USPTO's regulations, and thus this Court need not address whether the *Trademark Manual* is entitled to *Auer* deference. *See supra* note 2.

*Manual* is a published compilation of generally applicable guidelines. The Federal Circuit has recognized that the interpretations expressed in the manual are "entitled to . . . respect," *In re Pennington Seed, Inc.*, 466 F.3d at 1059, and this Court has cited the manual for a proposition of trademark law, *see Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 128 n.3 (2d Cir. 2009). Moreover, the interpretations of the Lanham Act set forth in the *Trademark Manual* provisions pertinent to this case—*i.e.*, §§ 1306.01-1306.01(b)—are persuasive on their own terms. Accordingly, even if those interpretations were subject to reasonable dispute, *Skidmore* deference would be warranted.

Respectfully submitted,

BENJAMIN C. MIZER
  *Principal Deputy Assistant*
    *Attorney General*

DEIRDRE M. DALY
  *United States Attorney*

MARK R. FREEMAN
  (202) 514-5714

THOMAS W. KRAUSE
  *Acting Solicitor*

  s/ Sydney Foster
SYDNEY FOSTER

CHRISTINA J. HIEBER
MARY BETH WALKER
  *Associate Solicitors*
  U.S. Patent and Trademark Office
  Mail Stop 8, P.O. Box 1450
  Alexandria, VA  22313

  (202) 616-5374
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7513*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, DC  20530*

cc (via CM/ECF):

Fatima Lahnin
John Louis Cordani
Damian Kevin Gunningsmith
William Tucker Griffith